# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RACHEL BREEDLOVE,
  Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
  Agency.

DOCKET NUMBER
AT-1221-22-0296-W-1

DATE: May 13, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Rachel Breedlove, Rock Hill, South Carolina, pro se.

Johnston B. Walker, Esquire, and LaTasha C. Clark, Jackson, Mississippi,
  for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is a GS-13 Lead Human Resources Specialist in the Consolidated Classification Unit (CCU) of the agency's Veterans Health Administration's Veterans Integrated Service Network (VISN) 16 in Ridgeland, Mississippi. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 136-37, Tab 13 at 59. The appellant's major duties include providing grading and classification services to other offices within the agency. IAF, Tab 12 at 211-12. In this capacity, she provides position evaluations, determines appropriate pay systems, occupational grouping, titles, and grades of positions, as well as advises on position and organization design. *Id.* We will refer to the supervisors of the CCU as Supervisors A, B, and C. The appellant's prior Board appeal concerned incidents occurring while she was on Supervisor A's team. *Breedlove v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-19-0402-W-1 (0402 Appeal), Final Order at 2 (May 9, 2024) (0402 Final Order). During the incidents at issue in the instant appeal, it appears the appellant was on Supervisor C's team. IAF, Tab 1 at 15-16, Tab 12 at 39, 171-76, 181, 187.

On November 20, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency issued her an October 24, 2018 letter of admonishment (LOA) and rated her performance as "fully successful" on the "teamwork" critical element for her 2017-2018 performance year, in retaliation for protected disclosures she made during an October 2018 staff meeting wherein she raised concerns about her supervisors and coworkers misclassifying position descriptions. 0402 Appeal, Initial Appeal File (0402 IAF), Tab 1 at 411, 414, 651, 653-55, 841-44. She subsequently filed an IRA appeal with the Board in connection with her OSC complaint. 0402 IAF, Tab 1 at 1-7. The Board affirmed the initial decision which found that the appellant

made protected disclosures that were a contributing factor in the two personnel actions but found that the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the protected activity. 0402 Final Order.

On October 16, 2020, the appellant filed another complaint with OSC alleging that the agency provided her with less than fully successful mid-year performance feedback on June 19, 2020, and proposed her removal on October 13, 2020, in retaliation for filing her 2018 OSC complaint. IAF, Tab 1 at 14-19, Tab 4 at 6. She stated on her complaint form that, after the agency took these actions, she sought review on October 15, 2020, with the agency's Office of Accountability and Whistleblower Protection (OAWP). IAF, Tab 1 at 12. On March 31, 2022, OSC issued a letter notifying her that it had closed its investigation into her claims and that she could file an appeal with the Board. *Id.* at 54-55. The appellant then filed the instant IRA appeal. *Id.* at 3-4. She did not request a hearing. *Id.* at 2.

The administrative judge notified the appellant of her jurisdictional burden and ordered her to file evidence and argument on the jurisdictional issue. IAF, Tab 3. In response, the appellant alleged that she made the following disclosures and engaged in the following activities: she filed an OSC disclosure complaint on November 20, 2018; she filed the 0402 Appeal on April 10, 2019; she sent an email on July 20, 2020, requesting Supervisor C be removed from Federal service; she filed the October 15, 2020 OAWP complaint discussed above;[2] and she filed the October 16, 2020 OSC whistleblower reprisal complaint discussed above. IAF, Tab 4 at 5-6, 38-44, 123-25. According to the appellant, the agency retaliated against her by issuing her the LOA on October 24, 2018; providing her with a less than Fully Successful rating during her June 19, 2020 Fiscal Year (FY) 2020 mid-year review; detailing her effective September 21, 2020;

_____

[2] The appellant did not provide a copy of her October 2020 OAWP complaint, and indicated both October 15 and 16, 2020, as the filing date below. IAF, Tab 4 at 6, 23. For the sake of clarity, we will use the earlier filing date of October 15, 2020.

proposing her removal on October 13, 2020; and rating her performance as Unacceptable in her FY 2020 end-of-year performance review on December 6, 2020.[3] IAF, Tab 4 at 7, 26-27, 113, 228, Tab 10 at 50-51, Tab 12 at 5-12, 171-76, 187; 0402 IAF, Tab 1 at 3, 29-20.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 7. He found that the appellant exhausted her OSC remedy as to all of her alleged activities and personnel actions with the exceptions of her July 20, 2020 email and September 21, 2020 detail. ID at 3-4. He further found that, while the appellant nonfrivolously alleged that she engaged in protected whistleblowing activity, she had failed to nonfrivolously allege that her activities were a contributing factor in the personnel actions at issue. ID at 4-7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response and the appellant has replied. PFR File, Tabs 4-5. For the following reasons, we find that the appellant established jurisdiction over her IRA appeal and remand this appeal to the regional office for adjudication on the merits.

### DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional

---

[3] The appellant's 2020 performance year, like the fiscal year, ran from October 1, 2019, to September 30, 2020. IAF, Tab 4 at 221.

allegations should be resolved in favor of finding jurisdiction. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6.

<u>The appellant exhausted before OSC her claims that the agency retaliated against her for filing a November 20, 2018 OSC disclosure complaint and the 0402 Appeal.</u>

An employee seeking corrective action for whistleblower reprisal is required to seek corrective action from OSC before seeking corrective action from the Board. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 5. This requirement is met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Id.*, ¶ 10. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Id.* (citations omitted). However, an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC. *Id.* (citation omitted). An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. In the alternative, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her Board appeal. *Id.* (citation omitted). The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Id.* (citing 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1)).

Below, the administrative judge generally found that the appellant had shown by preponderant evidence that she exhausted her administrative remedies as to the alleged protected disclosures, activities, and personnel actions detailed in OSC's closure letter.[4] ID at 3-4; IAF, Tab 1 at 54-55. We analyze each of

---

[4] According to the March 31, 2022 closure letter from OSC, the appellant alleged that the agency also retaliated against her for filing a 2018 complaint with her agency's Office of Inspector General (OIG). IAF, Tab 1 at 54. The administrative judge did not make specific findings regarding the alleged OIG complaint. ID at 3-4. The appellant did not indicate that she filed an OIG complaint in her 2020 OSC complaint. IAF, Tab 4 at 23-29. Nor did she claim that she filed an OIG complaint below, and she again does not do so on review. *Id.* at 5-10; PFR File, Tab 1. Based on the record before us, we cannot conclude that it is more likely than not that the appellant alleged to OSC that

those in turn, agreeing in part. For the purpose of our analysis, we discuss the alleged disclosures, activities, and personnel actions in the order in which the appellant alleges that they took place, except as noted below.

*The October 24, 2018 letter of admonishment*

The appellant exhausted before OSC her allegation that the agency retaliated against her by issuing the October 24, 2018 LOA. IAF, Tab 1 at 54, Tab 4 at 29. However, as correctly noted by the administrative judge, and as confirmed by the appellant on review, she is not raising the LOA in the instant appeal. PFR File, Tab 1 at 6 n.2; ID at 6 n.5; IAF, Tab 17 at 2. Therefore, we will not consider it further.

*The November 20, 2018 OSC disclosure complaint*

The administrative judge found that the appellant exhausted before OSC her allegation that the agency retaliated against her for filing a November 20, 2018 OSC disclosure complaint. ID at 3; IAF, Tab 1 at 54, Tab 4 at 24-25, 35, 38-44. We agree.

On review, the appellant alleges that she also raised to OSC what was identified in OSC's closure letter as "several disclosures regarding [the agency's] methods of classifying positions." PFR File, Tab 1 at 9 n.4; IAF, Tab 1 at 54. She alleges that she made these disclosures prior to filing her OSC complaint in November 2018. PFR File, Tab 1 at 9 n.4. The OSC letter contains no other specifics regarding these alleged disclosures. The appellant's jurisdictional response, below, did not address disclosures made during this time period. IAF, Tab 1 at 54, Tab 4 at 5.

---

she filed an OIG complaint. *See* 5 C.F.R. 1201.4(q) (defining a preponderance of the evidence as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue). Therefore, we find that she did not meet her burden to prove she exhausted any such alleged protected activity.

We need not determine if the appellant separately exhausted the disclosures she previously raised in her November 20, 2018 OSC complaint. A complaint to OSC is a protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of its content. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62 (explaining that disclosing information to OSC is a protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of the content of the disclosures). To the extent the appellant is raising disclosures she made outside of her OSC disclosure complaint, we find that she failed to exhaust them.

*The appellant's 0402 Appeal*

The administrative judge found that the appellant exhausted her administrative remedies as to the alleged protected activities listed in OSC's letter, which included the appellant's prior Board appeal. We agree with the administrative judge that the appellant proved she exhausted this activity. IAF, Tab 1 at 54.

However, the administrative judge determined that he would not consider the prior Board appeal further because the appellant did not include it in her response to his order on jurisdiction. ID at 3-4 n.3; IAF, Tab 4 at 5-10. On review, the appellant argues that she raised her prior Board appeal below. PFR File, Tab 1 at 9 n.4. The issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). Thus, regardless of whether the appellant raised her prior Board appeal below, she may do so on review.

> *The June 19, 2020 mid-year performance review, October 13, 2020 notice of proposed removal, and December 6, 2020 performance appraisal*
>
> We discuss the appellant's FY 2020 mid- and end-of-year performance appraisals and her October 2020 proposed removal together because all three matters relate to the appellant's performance. IAF, Tab 4 at 221-29, Tab 12

at 5-11, 171-76, 181-86. The administrative judge noted that the appellant asserted to OSC that, in retaliation for her protected activities, the agency gave her a "less than fully successful rating during [her] mid-year appraisal for FY 2020, an Unacceptable rating on [her] FY2020 performance appraisal, and a Proposed Removal . . . dated October 13, 2020" thereby implicitly finding that she had exhausted these personnel actions. ID at 3 (quoting IAF, Tab 1 at 54). We agree. ID at 4.

*The July 20, 2020 email regarding Supervisor C*

The administrative judge found that the appellant did not exhaust before OSC her alleged disclosure in her July 20, 2020 email requesting Supervisor C's removal. ID at 3-4; IAF, Tab 1 at 6-25, 54-55, Tab 4 at 123-25. On review, the appellant has not disputed this finding. PFR File, Tab 1 at 4. We discern no basis to disturb the administrative judge's finding and do not address it further on review.

*The September 18, 2020 detail*

Similarly, the administrative judge found that the appellant had not exhausted before OSC her allegation that the agency retaliated against her by detailing her on September 21, 2020. ID at 3-4; IAF, Tab 1 at 54-55, Tab 4 at 24-30, 123-25. On review, the appellant has not disputed this finding. PFR File, Tab 1 at 7. We discern no basis to disturb the administrative judge's finding and do not address it further on review.

*The October 2020 OAWP complaint*

The administrative judge found that the appellant exhausted before OSC that she engaged in protected activity by filing an OAWP complaint. ID at 3-4. We disagree. In her OSC complaint, the appellant identified contacting OAWP in 2020 as another action she had taken to remedy the agency's alleged wrongdoing. IAF, Tab 4 at 23. She did not allege that the agency was motivated by her OAWP

complaint to take action against her. *Id.* at 24-30. Consistent with our interpretation of her OSC complaint, OSC did not include the alleged OAWP complaint in its closure letter. IAF, Tab 1 at 12, 54. Moreover, the appellant has not alleged either below or on review, and the record does not support, that she provided any additional information to OSC regarding the October 15, 2020 OAWP complaint, other than the date she filed it. IAF, Tab 4 at 6.

For the first time on review, the appellant provides documentation related to a separate OAWP complaint that she filed on July 27, 2020 about Supervisor C. PFR File, Tab 5 at 5, 10. She includes a copy of an OAWP closure notice, dated August 2022, correspondence related to her Freedom of Information Act request for her OAWP case documents, and a redacted OAWP decision. *Id.* at 5, 10-22, 34.[5] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, we have considered the appellant's new evidence to the extent it impacts the Board's jurisdiction. *See Ney*, 115 M.S.P.R. 204, ¶ 7. While the appellant is permitted to provide more detailed information before the Board than she did to OSC, the documents and emails she provides on review are all dated in July and August 2022, which postdate the March 31, 2022 OSC closure letter. IAF, Tab 1 at 54; PFR File, Tab 5 at 10-34. She has not shown that she provided any of this information to OSC thereafter. Thus, we find that OSC did not have a sufficient basis to investigate the July 27, 2020 OAWP complaint, and the Board is precluded from considering it. *See Chambers*, 2022 MSPB 8, ¶ 10.

---

[5] She also attaches emails regarding her settlement discussions with the agency concerning the instant appeal. PFR File, Tab 5 at 25-32. These discussions are not relevant to jurisdiction, and therefore we have not considered them here.

*The October 16, 2020 OSC whistleblower reprisal complaint*

The administrative judge found that the appellant exhausted before OSC that she engaged in protected activity by filing her October 16, 2020 OSC whistleblower reprisal complaint. ID at 3. We disagree. While the appellant included the October 16, 2020 OSC complaint as a protected activity in her jurisdictional response, IAF, Tab 4 at 9, it is this complaint that initiated the OSC investigation and is the subject of the instant appeal, IAF, Tab 1 at 4. The appellant has not alleged that she later amended her OSC complaint to include the actual filing of the complaint as a protected activity and it is not included in OSC's closure letter. *Id.* at 54. Thus, we find that OSC did not have a sufficient basis to investigate the filing of the October 16, 2020 OSC complaint and the Board is therefore precluded from considering it. *See Chambers*, 2022 MSPB 8, ¶ 10.

In sum, we find that the appellant exhausted the following alleged protected activities: filing the November 20, 2018 OSC disclosure complaint and the 0402 Appeal in April 2019. We also find that the appellant exhausted the following alleged personnel actions: the June 19, 2020 mid-year performance review; the October 13, 2020 notice of proposed removal; and the December 6, 2020 performance appraisal.

The appellant has made nonfrivolous allegations that her November 20, 2018 OSC disclosure complaint and 0402 Appeal are protected activities under 5 U.S.C. § 2302(b)(9)(C) and 5 U.S.C. § 2302(b)(9)(A)(i).

We turn next to whether the appellant nonfrivolously alleged that she engaged in a protected activity. *McCray*, 2023 MSPB 10, ¶ 11. A nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020); *see* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue).

As noted by the administrative judge, under 5 U.S.C. § 2302(b)(9)(C) it is a prohibited personnel practice to take a personnel action against an employee for "cooperating with or disclosing information to . . . the Special Counsel, in accordance with applicable provisions of law." ID at 5. As such, he found that the appellant nonfrivolously alleged that she engaged in protected activity when she filed her November 20, 2018 OSC complaint. *Id.* The parties do not dispute this finding on review, and we discern no basis to disturb it.

Pursuant to 5 U.S.C. § 2302(b)(9)(A)(i), an appellant engages in protected activity when she "exercise[s] . . . any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 18 (2016) (quoting 5 U.S.C. § 2302(b)(9)(A)(i)). The appellant sought to remedy reprisal for protected disclosures in her 0402 Appeal, and thus it constituted protected activity under this provision. 0402 Final Order at 2-3; *see Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 40 (2016) (stating that the appellant's claim that the agency's removal action was taken in retaliation for his prior Board appeal, in which he had raised an affirmative defense under 5 U.S.C. § 2302(b)(8), should be analyzed under 5 U.S.C. § 2302(b)(9)(A)(i)).

<u>The appellant made a nonfrivolous allegation that her November 20, 2018 OSC disclosure complaint and 0402 Appeal contributed to the June 19, 2020 mid-year performance review, October 13, 2020 proposed removal, and December 6, 2020 performance appraisal.</u>

To satisfy the contributing factor criterion at the jurisdictional stage an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the

official taking the personnel action knew of the activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action.[6] *Id.*, ¶ 15; *see* 5 U.S.C. § 1221(e)(1).

Due to our findings on exhaustion, we need only consider whether the appellant's November 20, 2018 OSC disclosure complaint and subsequent 0402 Appeal were contributing factors in her 2020 performance assessments and proposed removal. The administrative judge found that the alleged personnel actions were too remote in time from the appellant's November 2018 disclosure complaint to satisfy the knowledge/timing test. ID at 6-7. Thus, he concluded that the appellant failed to nonfrivolously allege that her disclosure complaint was a contributing factor in these alleged personnel actions. ID at 5-7. Because he found that the appellant did not raise her 0402 Appeal as an alleged personnel action in the instant appeal, he did not make any findings regarding whether the appellant met her jurisdictional burden as to that protected activity. We find that the appellant has nonfrivolously alleged that both her OSC disclosure complaint and her 0402 Appeal were contributing factors in all three alleged personnel actions.

The Board has held that personnel actions taken within 1 to 2 years of the protected activity satisfy the timing prong of the knowledge/timing test, but those that take place more than 2 years after the activity are too remote to satisfy this test. *Pridgen*, 2022 MSPB 31, ¶ 63; *Agoranos v. Department of Justice*,

---

[6] On review, the appellant asserts that she has a "mixed case" and references the Report of Investigation submitted below which she generally alleges supports the contributing factor element. PFR File, Tab 1 at 8. However, the Board's IRA jurisdiction does not extend to claims of discrimination arising under equal employment opportunity (EEO) statutes unless the appellant testified, or otherwise assisted, in connection with someone else's complaint. *McCray*, 2023 MSPB 10, ¶¶ 18-30 (addressing this issue as it concerns claims arising under the Rehabilitation Act of 1973); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-28 (addressing this issue as it concerns claims arising under Title VII), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Thus, the appellant's EEO claims are not relevant to our jurisdictional determination here.

119 M.S.P.R. 498, ¶ 21 (2013). Here, the appellant filed her OSC disclosure complaint in November 2018 and her prior Board appeal in April 2019. She has nonfrivolously alleged that less than 2 years later she received an unfavorable mid-year review on June 19, 2020, and was issued a proposed removal in October 13, 2020. Therefore, the appellant has nonfrivolously alleged that she meets the timing prong of the knowledge/timing test as to these two personnel actions. Further, the appellant has nonfrivolously alleged that she filed and pursued her 0402 Appeal within 2 years of her December 6, 2020 performance appraisal. Therefore, she has also nonfrivolously alleged that she meets the timing prong as to this personnel action and her 0402 Appeal.

The only remaining question regarding timing is whether the appellant's December 6, 2020 performance appraisal was sufficiently proximate in time to her November 2018 disclosure complaint. While actions occurring more than 2 years after a disclosure or activity are generally too remote to satisfy the timing prong of the knowledge/timing test, the Board has found the timing prong can be satisfied when an action was part of a continuum of related personnel actions, some of which took place within 2 years of the disclosure or activity. *Agoranos*, 119 M.S.P.R. 498, ¶¶ 21-22. Here, the proposed removal and the appellant's December 2020 performance evaluation both refer to and rely on the agency's June 2020 assessment of the appellant's performance. IAF, Tab 1 at 26-31, Tab 4 at 225-27. We find that this information in the record supports a finding that there is a nonfrivolous allegation that all three personnel actions were part of the same continuum beginning with the mid-year performance assessment and ending with the end-of-year performance appraisal. Therefore, we find that the appellant has satisfied the timing prong of the knowledge/timing test for purposes of jurisdiction.

We also determine that the record contains sufficient allegations to satisfy the knowledge prong of the knowledge/timing test at the jurisdictional stage. The knowledge prong can be established with allegations of either actual or

constructive knowledge. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15. In her November 20, 2018 OSC disclosure complaint, the appellant accused her Supervisors A, B, and C of misclassifying positions. IAF, Tab 4 at 42. These supervisors are the same officials involved in the 0402 Appeal and all three supervisors testified at that hearing. 0402 IAF, Tab 23 at 4-10, Tab 36, Hearing Recording, Day 1, Track 1 (testimony of Supervisor A), Track 4 (testimony of Supervisor C), Track 5 (testimony of Supervisor B). Therefore, they had knowledge of her appeal. Further, the appellant submitted into the record in that appeal a copy of her November 20, 2018 OSC disclosure complaint. 0402 IAF, Tab 4 at 42-49. We find that this is sufficient to infer, for purposes of jurisdiction, that they had knowledge of the November 20, 2018 OSC disclosure complaint as well. The less than fully successful FY 2020 mid-year performance feedback on June 19, 2020, was issued by Supervisor C. IAF, Tab 12 at 171-76. The December 6, 2020 end-of-year performance appraisal was also issued by Supervisor C, and was approved by the Chief Human Resources Officer. IAF, Tab 4 at 228. This is sufficient to establish the knowledge prong of the knowledge/timing test at the jurisdictional stage for both performance assessments.

An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Abernathy*, 2022 MSPB 37, ¶ 15. The October 13, 2020 proposed removal was issued by the Chief Human Resources Officer. IAF, Tab 1 at 26-32. In the notice of proposed removal, the appellant was charged with conduct unbecoming a Federal employee for failure to comply with instructions given by Supervisor C. *Id.* at 26. She was also charged with unacceptable performance due to the deficiencies identified in the June 19, 2020 mid-year performance review by Supervisor C as well as subsequent deficiencies, some of which occurred while working with Supervisor B. *Id.* at 26-31. At the jurisdictional stage, we find that

the fact that the appellant's removal was proposed in connection with incidents involving Supervisors B and C, whom she has nonfrivolously alleged had knowledge of her protected activity, is sufficient to establish constructive knowledge on the part of the Chief Human Resources Officer. Thus, we find that the appellant has raised a nonfrivolous allegation that filing her November 20, 2018 OSC disclosure complaint and pursuing her 0402 Appeal were contributing factors in her less than fully successful FY 2020 mid-year performance feedback, proposed removal on October 13, 2020, and an Unacceptable performance rating in her FY 2020 end-of-year performance appraisal.

<u>We need not determine whether the administrative judge abused his discretion in light of our decision to remand the appeal.</u>

On review, the appellant argues that the administrative judge abused his discretion by ordering her to respond to discovery at the jurisdictional stage. PFR File, Tab 1 at 10, IAF, 17 at 1. An administrative judge has broad discretion in ruling on discovery matters and, absent a showing of abuse of discretion, the Board will not find reversible error in such rulings. *Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994). The Board has found that, to be entitled to discovery in an IRA appeal, an appellant must set forth nonfrivolous jurisdictional allegations. *Id.*; *see Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding no prejudice to an appellant's substantive rights when the administrative judge did not rule on his motions to compel because, as relevant here, the determination of whether an appellant has exhausted his remedies with OSC is typically made based on his submissions to OSC, which were in his possession and included in the record below).

Similarly, here, we question whether requiring the appellant to provide discovery responses was appropriate. The Board "may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action." *Hessami*, 979 F.3d at 1369.

Thus, to the extent the agency sought to obtain evidence contradicting the appellant's factual assertions and defeating a jurisdictional finding, the Board could not consider such evidence. IAF, Tab 14 at 9-15. Further, to the extent the agency sought information regarding the merits of her claims, it would not have been able to rely on such evidence unless jurisdiction was resolved. *Id.* However, we need not resolve here whether the administrative judge abused his discretion. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Here, we have found jurisdiction and are remanding the appeal for further adjudication. Therefore, the appellant has not been harmed by any error.

The appellant also alleges that the administrative judge erred in dismissing her appeal for lack of jurisdiction and argues it should have been decided on the entire record because she did not request a hearing. PFR File, Tab 1 at 10. However, the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000). Here, the administrative judge has not yet given the parties an opportunity to address the merits of her claims. *See Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 5 (2015) (explaining that determining when to close the record is within an administrative judge's sound discretion, but such discretion must comport with basic requirements of fairness and notice). Because we are finding jurisdiction and remanding this appeal for adjudication on the merits, our ruling here effectively provides the appellant with her requested remedy and her determination on the merits will be made on remand.

Conclusion

In sum, we find that the appellant has established jurisdiction over her IRA appeal. Specifically, the appellant exhausted before OSC her allegations that she engaged in protected activity by filing the November 20, 2018 OSC disclosure

complaint and the 0402 Appeal. The appellant also exhausted before OSC the following alleged personnel actions: the June 19, 2020 mid-year performance review; the October 13, 2020 notice of proposed removal; and the December 6, 2020 performance appraisal. The appellant nonfrivolously alleged that her November 20, 2018 OSC disclosure complaint and 0402 Appeal are protected activities under 5 U.S.C. § 2302(b)(9)(C) and 5 U.S.C. § 2302(b)(9)(A)(i). Finally, the appellant nonfrivolously alleged that her protected activity contributed to the June 19, 2020 mid-year performance review, October 13, 2020 proposed removal, and December 6, 2020 performance appraisal.

Thus, we grant the appellant's petition for review and vacate the initial decision, which dismissed the appeal for lack of jurisdiction. We remand the appellant's IRA appeal for further adjudication, as explained below.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall provide for a hearing, or provide the parties with an opportunity to file additional evidence and argument before deciding the appeal on the written record. The administrative judge shall then issue a new initial decision deciding the following issues: (1) whether the appellant established by preponderant evidence that she engaged in protected activity by filing the November 20, 2018 OSC disclosure complaint; (2) whether the appellant established by preponderant evidence that she engaged in protected activity by filing the 0402 Appeal in April 2019; and (3) whether the appellant established by preponderant evidence that a protected activity was a contributing factor in the following alleged personnel actions: the June 19, 2020 mid-year performance review; the October 13, 2020 notice of proposed removal; and the December 6, 2020 performance appraisal. If the administrative judge finds that the appellant has established a prima facie case of whistleblower reprisal, then the

administrative judge shall determine whether the agency established by clear and convincing evidence that it would have taken the personnel actions identified in (3) above in the absence of any protected activity by the appellant.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.